

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-4802
Re: Salaries of county officials
of Upton County.

Your letter requesting the opinion of this department on the questions stated therein reads in part as follows:

"Please allow me an early opinion on each of the following questions, towit:

"What should the salaries of the following officers be under the Officer's Salary plan of operating the County of Upton, the assessed valuation of which is approximately $22,300,000.00.

"County Judge, County and District Clerk, County Attorney, Sheriff, Tax Assessor-Collector, Auditor, Treasurer.

"What should be the Commissioner's Salaries under the same valuation and considering that this County claims to have this year a population of less than 3 persons per square mile of area. It seems that there is some special law which is supposed to give each Commissioner $??.00 per month Auto Expense of which amount our Commissioners are taking $25.00 per month in addition to the amount they are taking as salary. It is probably true that this County now has less than 3 persons per square mile but the 1940 census gave it 3.6.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Another thing I would like to know is: just what the Auditor should do if he finds that these officials are drawing improper amounts, either too much or not enough. Can such salaries be adjusted back of the time that such errors are detected."

The population of Upton County, according to the 1930 Federal Census was 5,968 inhabitants, and the population according to the 1940 Federal Census is 4,297 inhabitants.

Section 15 of Article 3912e, Vernon's Annotated Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24th, 1935, and not more than the maximum amount allowed such officer under laws existing August 24, 1935, provided, that in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census, and having an assessed valuation in excess of Ten Million ($10,000,000.00) Dollars according to the last preceding approved tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation, or fractional part thereof, in excess of said Ten Million ($10,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by this Section shall exceed the sum of Four Thousand Five Hundred ($4,500.00) Dollars regardless of the percentage of increase in population and valuation. . ."

Under Articles 3883 and 3891, Vernon's Annotated Civil Statutes, the maximum compensation and the excess fees allowed to be retained by the county judge, county and district clerks, county attorney, sheriff, and tax assessor-collector is $3000.00 each per year. The county officials of said county are now compensated on an annual salary basis. The minimum salary of all said county officials, excepting the auditor and the county commissioners cannot be less than the total sum earned by each as compensation by said officer in his said official capacity for the fiscal year 1935. The maximum salary of said officials cannot be more than the maximum allowed each of said officials under laws existing August 24, 1935, except that such maximum may be increased one per cent for each $1,000,000.00 valuation or fractional part thereof, in excess of $10,000,000.00 valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by said Section 15, supra, shall exceed the sum of $4,500.00.

Therefore, you are respectfully advised that as the county officials of Upton County are compensated on an annual salary basis and the assessed valuation is approximately $22,300,000.00, the minimum salary of the county judge, county and district clerks, county attorney, sheriff, county treasurer, and tax assessor-collector cannot be fixed by the commissioners' court at any sum less than the total sum earned as compensation by each of said officers in his said official capacity for the fiscal year 1935. The maximum salary of each of said officials cannot exceed the maximum amount allowed each of such officers under laws existing August 24, 1935, except the maximum amount allowed such officers as salaries may be increased one per cent for each $1,000,000.00 valuation, or fractional part thereof, in excess of said $10,000,000.00 valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by Section 15, supra, shall exceed the sum of $4,500.00, regardless of the percentage of increase in population and valuation.

We now consider your question with reference
to the annual salary of the county auditor.  Section 1
of Senate Bill No. 119, Acts of the 47th Legislature,
1941, provides:

"That Article 1645 of the Revised Civil Sta-
tutes of Texas, 1925, as amended by Acts 1927, 40th
Legislature, First Called Session, page 104, Chapter
35, Section 1; as amended by Acts 1929, 41st Legisla-
ture, First Called Session, page 62, Chapter 28, Sec-
tion 1; as amended by Acts 1931, 42nd Legislature,
Second Called Session, page 29, Chapter 15, Section 1;
as amended by Acts 1937, 45th Legislature, First Called
Session, page 1826, Chapter 45, Section 3; as amended
by Acts 1939, 46th Legislature, Special Laws, page 595,
Section 1, be and the same is hereby amended so as to
hereafter read as follows:

"'Article 1645.

"'In any county having a population of thirty five
thousand (35,000) inhabitants, or over, according to the
last preceding Federal Census, or having a tax valuation
of Fifteen Million ($15,000,000.00) Dollars or over, ac-
cording to the last approved tax roll, there shall be
biennially appointed an auditor of accounts and finances,
the title of said officer to be County Auditor, who shall
hold his office for two (2) years and who shall receive
as compensation for his services to the county as such
County Auditor, an annual salary of not more than the
annual salary allowed or paid the Assessor and Collector
of Taxes in his county, and not less than the annual
salary allowed such County Auditor under the general law
provided in Article 1645, Revised Civil Statutes, as said
Article existed on January 1, 1940, such salary of the
County Auditor to be fixed and determined by the District
Judge or District Judges making such appointment and hav-
ing jurisdiction in the county, a majority ruling, said
annual salary to be paid monthly out of the general fund
of the county.  The action of said District Judge or
District Judges in determining and fixing the salary of
such County Auditor shall be made by order and recorded
in the minutes of the District Court of the county, and
the Clerk thereof shall certify the same for observance
to the Commissioners' Court, which shall cause the same
to be recorded in its minutes; after the salary of the

County Auditor has been fixed by the District Judge or District Judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such County Auditor, over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by order of such Court and recorded in the minutes of the Commissioners' Court of such county.'"

In view of the foregoing, you are respectfully advised that the annual salary of the County Auditor of Upton County cannot be more than the annual salary allowed or paid the assessor and collector of taxes of said county, and cannot be less than the annual salary allowed such county auditor under the general laws provided in Article 1645, Revised Civil Statutes, as said article existed on January 1, 1940, such salary of the county auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county. In connection with the foregoing we want to point out that any increase in the salary of the County Auditor over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said article existed on Jan. 1, 1940, shall only be allowed or permitted with the express consent and approval of the commissioners' court of said county.

Article 2350, Vernon's Annotated Civil Statutes, provides in part:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments . . . Assessed Valuations . . .

$20,000,001 and less than $30,000,000 not to exceed $2250.00. . ."

With reference to the annual salaries of the county commissioners you are advised that the annual salary of each commissioner cannot exceed $2250.00. We have been unable to find any statute allowing the sum of $25. per month or any other amount for car or automobile expense. Therefore, it is our opinion that the county commissioners cannot legally receive any amount for the purpose of paying the expenses in connection with the operation of their automobiles. We think that the case of Jameson, et al. v. Smith, 161 S.W. (2d) 520, specifically supports our conclusion with reference to expenses pertaining to the operation of cars or automobiles by the county commissioners.

With reference to the next to the last paragraph of your letter as quoted above, we must assume that the commissioners' court properly exercised its powers and performed its duties and fixed the proper salaries for the county officials. However, if said county officials, or any of them, are not receiving their proper salaries, we will be glad to give further consideration to the questions which you may present concerning same, together with all the facts.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:AMM

APPROVED SEP 12, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN